**19    CV1725A**



**Confidential**

## Introductory/Background

My name is Charlene Hill and I was hired at The State University of New York at Buffalo –University Print Services in November 1989 under a federal affirmative action mandate as an Office Machine Operator (newly created position). I am the only person of the protected class working at Print Services department. Throughout my tenure at University Print Services, I have suffered ongoing severe/pervasive harassment in the department among the management team. I have sought to utilize the proper protocols designed by the organizational system, but to no avail. As a result, the management team at University Print Services has retaliated against complainant for filing complaints (outlined in this report) and have refused to negotiate in "good faith". The ongoing pervasive harassment continues.

To this end, complainant would like to petition Equal Employment Opportunity Commission an order of Relation Back under this complaint. Listed below is a brief continuation of matters that have occurred since complainant has filed prior complaints. Our current departmental head (Ms. Pamela Zaprzal-Hyman) have used her vested positional authority to file false accusations with Human Resources - Employee Relations against complainant. Thus, resulting in a blemished character and an expanded employment personnel file of complainant's true identity. The matter of complaints are listed below:

1. **Training** – Ms. Zaprzal Hyman eliminated all of complainant's UB Edge training classes after she learned about complainant's feelings of being uncomfortable during the class entitled, The Power of Trust and What It Means to a Supervisor (the class was very informative to me and reminded complainant what I was experiencing at Print Services). The Associate VP for Human Resources (Mr. Mark Coldren) announced in a prior university wide memorandum, UB Edge classes are *for both personal and professional growth and development*. However, Ms. Zaprzal-Hyman told complainant if the class is not directly related to what duties complainant performs at the office, complainant will not be allowed to attend. The only duties complainant were actively performing are shipping of orders and manual hand mailings/sorting.

Additionally, hence forward as a result of the above mentioned class, Ms. Zaprzal-Hyman started calling complainant into her office on a monthly basis regarding performance matters. Ms. Zaprzal-Hyman was calling complainant into her office monthly from October – February 2017. These actions by Ms. Zaprzal-Hyman resulted in complainant spending numerous hours at the library during research, filing grievances and complaints against Ms. Zaprzal-Hyman, which was time taken away from complainant spending with my ill mother. Ms. Zaprzal-Hyman was calling complainant into her office regarding monthly mailings for the Emeritus Center (a group of retired employees – Third Party) alleging some of their envelopes received from the post office were not sealed all the way. The other allegations were untrue, alleging complainant snatched paperwork out of her hand.

The most recent encounter regarding training is over three (3) years ago, our Associate VP – Ms. Beth Corry directed Ms. Pamela Zaprzal-Hyman to cross train the staff at Print Services and conduct monthly meetings. As of this complaint, Ms. Zaprzal-Hyman has not provided complainant with any interdepartmental training. This past July 2019, Ms. Zaprzal-Hyman announced she will be training one of our part time employees at Jacobs Copy Center to perform her duties while she (Ms. Zaprzal-Hyman) is on maternity leave. Ms. Zaprzal-Hyman stated our new part timer (hired over a year ago) has agreed to work full time hours to cover her duties.

1/3

Additionally, August 1, 2019, our Associate VP announced the assistance of our part timer at Jacobs as well as another employee from another department under her leadership will also be coming over to assist while Ms. Zaprzal-Hyman is on maternity leave.

Complainant is a full time employee with nearly thirty years (30) seniority within the department and have not been given the opportunity to receive interdepartmental training. If Ms. Zaprzal-Hyman had provided the senior staff at University Print Services training when our Associate VP – Ms. Beth Corry directed her to over three years ago, would there be a need to temporarily move and train employees from another area to perform duties while she is on maternity leave? *Additionally, almost every monthly departmental meeting we have Ms. Zaprzal-Hyman tells us how much of a budget deficit we are in at Print Services.* Does it take additionally resources to compensate paying a part time employee to work full time? *The staff at Print Services remain untrained, while two employees were moved to Print Services and trained to take on duties temporarily.* There are two senior full time employees at Print Services that could have been trained to do the same duties.

2.  **Computer** – July 2019, Ms. Zaprzal-Hyman made a decision to remove the assigned desk computers from the two senior employees at University Print Services. Ms. Zaprzal-Hyman stated she decided we do not need the computers to do our jobs. Complainant has used the computer in the past to practice typing drills and stay abreast of university wide related communication. If you check the traffic on complainant's computer prior to Ms. Zaprzal-Hyman stating our computers will be removed you will notice complainant was practicing typing drills. This is another training opportunity denied.

Presently, the shipping computer has been set up for the two (2) senior employees (Gene Guzek and complainant) in the bindery to use for emails only. However, there is some discomfort complainant has regarding the programming of the shipping computer. The shipping computer is set up on a different server, one in which Ms. Pamela Zaprzal-Hyman controls. As the computer programmer for the shipping computer as well as the computer server, does this also allow Ms. Zaprzal-Hyman the capability of obtaining complainant's password through keystrokes? Complainant believe it is import to note this because Ms. Zaprzal-Hyman made a false report to Human Resources against complainant alleging complainant ripped the computer mouse out of her hand. Ms. Zaprzal –Hyman retaliated against complainant. Ms. Zaprzal-Hyman told complainant to enter her username and password on the shipping computer so she could attempt to make some computer repairs. After, Ms. Zaprzal-Hyman did not show complainant what process to use for future reference and took over the computer mouse unaware to complainant what she was doing under my username and password, complainant shut down the computer. This resulted in disciplinary charges and an emergency trip to the hospital. Ms. Zaprzal-Hyman retaliated against complainant.

**Disposition:** Complainant has been denied the opportunity of having interdepartmental training throughout the years. Due to Ms. Pamela Zaprzal-Hyman dishonesty when dealing with complainant, I now feel uncomfortable logging onto the shipping computer using my username and password. I do not have a computer at home. Therefore, I solely use the computer at the library for personal use and it appears as though the computer server used for the shipping orders in the department is synced with the library computer.

3.  **Leave Time** – Ms. Zaprzal-Hyman on more than one occasion has denied complainant leave time. On one occasion complainant had to call University Police and on another occasion complainant had to call UB – Equity Diversity & Inclusion office after exhausting local attempts.

Complainant's ill mother expired May 2017 during the time listed in this report Ms. Zaprzal-Hyman was calling me into her office on a monthly basic (from false allegations and Emeritus Center – Third Party). Ms. Zaprzal-Hyman held onto complainant's leave slip and would not allow my immediate supervisor (Mr. Charles

Fisher) to sign my leave slip. My family and I were attempting to plan a one year commemoration of my deceased mother and Ms. Zaprzal-Hyman refused to grant complainant leave time as outlined in the joint contractual agreement with The State of New York and Civil Service Employee Association. Ms. Zaprzal-Hyman reasoning for upholding complainant's leave slip was her belief complainant wanted to use the time to attend the First Diversity Training Conference. Ms. Zaprzal-Hyman eventually signed complainant's leave slip, but it was too late for the family to uphold our commemoration plans.

**Disposition:** Ms. Zaprzal-Hyman used her position to refuse complainant's immediate supervisor from signing my leave slip. Ms. Zaprzal-Hyman did not uphold the joint contractual agreement between the State of New York and CSEA, which is believed to be an improper practice.

## Summary

To the readers of the report, this complaint is about the ongoing severe and pervasive treatment complainant has suffered under the management team at University Print Services. In no wise is the interpretation is to be misconstrued as though the complaint is based on performance. *As you can see throughout this report complainant has been denied interdepartmental training to acquire additional skills. Ms. Zaprzal-Hyman has assured complainant as the only person of the protected class within Print Services, complainant will not acquire additional skills under her directorship.* We can see listed in the training section of this report individuals were brought into Print Services from the university north campus and trained to perform duties of Ms. Zaprzal-Hyman while she is on maternity leave. While continuous efforts as the only person of color within the department are used to oust me out of the door.

Ms. Zaprzal-Hyman is an academic learned psychology major and she has used her vested university positional authority to harass and file false allegations against complainant in Human Resources. Thus, creating complainant an expanded employment file and a tainted image of complainant's true identity. Com

Respectfully submitted,


Charlene Hill

P.S. – There are email attachments that are a part of this report. However, I will try to get access to my emails from my work computer, which I no longer have. Our director decided we do not need a work desk computer any longer.

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Charlene Hill**<br>**P.O. Box 1350**<br>**Buffalo, NY 14228** | From: **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16G-2018-04909** | **Holly M. Shabazz,**<br>**State & Local Program Manager** | **(212) 336-3643** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

**Kevin J. Berry,**
**District Director**

September 25, 2019
*(Date Mailed)*

Enclosures(s)

cc:

**NEW YORK STATE, STATE UNIVERSITY OF**
**Office of Equity, Diversity and Inclusion**
**406 Capen Hall Nor**
**Buffalo, NY 14260**

19    CV1725A

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Charlene Hill

**DEFENDANTS**

State University of NY at Buffalo

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____



ROCHESTER NY 144

USDC - WDNY

United States District Court Clerk
200 U.S. Courthouse
2 Niagara Square
Buffalo, New York 14202-3498

14202-338050